## 63166. PHILLIPS v. THE STATE.

SHULMAN, Presiding Judge.

James D. Phillips was convicted of one count of possession of marijuana with intent to distribute. In his sole enumeration of error he maintains that the trial court deprived him of his right to a thorough and sifting cross-examination of a state's witness. After reviewing the record, we disagree with appellant's assertion and affirm his conviction.

At a hearing outside the presence of the jury, defense counsel proposed to ask the witness about work he had performed for law enforcement officers and the City of Hinesville subsequent to the marijuana seizure in which both the appellant and the witness were implicated. The court ruled that if such inquiries were made of the witness, the state could introduce evidence to explain the officers' conduct (i.e., that the witness was in protective custody). This ruling did not restrict the limits of appellant's cross-examination of the witness. Rather, through its ruling, the trial court gave defense counsel notice of its intent to allow the state to rebut the innuendo of improper police conduct presented through the cross-examination. Rebuttal evidence under such circumstances would have been proper. *Dupree v. State*, 235 Ga. 813 (221 SE2d 586). See also *Corbin v. State*, 81 Ga. App. 353 (4) (58 SE2d 485). Thus, the trial court's ruling was a correct statement of the law and in no way limited the scope of appellant's cross-examination of the witness.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED MARCH 3, 1982 —
REHEARING DENIED MARCH 18, 1982 —

Charles M. Jones, for appellant.
Dupont K. Cheney, District Attorney, for appellee.